NILDA GERENA, a minor, etc., Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, AGUADILLA PART, Respondent.

No. 2062. Argued March 1, 1955.—Decided June 29, 1956.

*Bolívar Pagán* for petitioner.  *García Méndez & García Hermida* and *Santiago Polanco Abréu* for interveners, Lamela–Abréu.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The petitioner complains of an order to reopen a case issued by the respondent Court, vacating a former judgment of dismissal filed by petitioner herself.  The facts revealed by the record are the following: (1) Alfredo Lamela Abréu died on February 8, 1950, at Isabela, Puerto Rico, leaving certain property in his name; (2) on March 14, 1950, Demetrio Mario, Manuela María, Ana Angélica and Beatriz Estela Lamela Abréu, brothers and sisters of Alfredo Lamela Abréu, were declared his legitimate heirs; (3) subsequently, an alleged natural daughter of Alfredo Lamela Abréu, named Ana Victoria Montalvo, known as Anita Lamela, sued her alleged aunts and uncle for acknowledgment as the natural daughter of Alfredo Lamela Abréu; (4) on February 27, 1950, another alleged natural daughter of Alfredo Lamela Abréu, named Gilda Gerena, sued her alleged uncle and aunts for acknowledgment as the natural daughter of Alfredo Lamela; (5) on August 22, 1952, by public deed No. 114 before Rafael Rafols Estrada, a notary of Isabela, the alleged natural daughter Ana Victoria Montalvo, known as Anita Lamela, assigned to her alleged uncle and aunts all her hereditary rights in the estate; (6) on August 30, 1952, the alleged uncle and aunts appeared in the Superior Court of Puerto Rico, Aguadilla Part, in the action of filiation filed by Ana Victoria Montalvo, to withdraw any objection and to consent to a judgment declaring Ana Victoria Montalvo, known as Anita Lamela, the acknowledged natural daughter of Alfredo Lamela Abréu; (7) on January 23, 1953, the Superior Court of Puerto Rico, Aguadilla Part, rendered judgment setting aside the declaration of heirship in favor of the uncle and aunts and declaring Ana Victoria Montalvo,

known as Anita Lamela, the acknowledged natural daughter of Alfredo Lamela Abréu; (8) on February 5, 1953, the second natural daughter Nilda Gerena, with the consent of the court, filed an amended complaint against the heirs of Alfredo Lamela Abréu consisting of Demetrio Mario, Beatriz Estela, Manuela María and Ana Angélica Lamela Abréu (that is, her alleged aunts and uncle) and Ana Victoria Montalvo known as Anita Lamela (that is, her alleged acknowledged natural sister) which was answered by the uncle and aunts denying the facts of the filiation. The niece demurred to the complaint.

While this was taking place in the Superior Court of Puerto Rico, Aguadilla Part, other events were occurring in the San Juan Part: (1) on February 27, 1953, the alleged natural daughter Nilda Gerena, who had not been acknowledged yet, filed an action of filiation against her acknowledged natural sister, Ana Victoria Lamela, also known as Ana Victoria Montalvo and Anita Lamela; (2) the acknowledged natural sister, defendant here, was summoned, but she did not answer the complaint and her default was entered; (3) on March 27, 1953, after the evidence in the hearing on the default was introduced, the court rendered judgment declaring Nilda Gerena the acknowledged natural daughter of Alfredo Lamela Abréu; (4) on April 1, 1953, notice of the judgment was served on the parties.

After knowing what took place in the Superior Court in San Juan, let us now turn to the Aguadilla Court: (1) on May 6, 1953, Nilda Gerena, without the objection of the heirs of the estate, dismissed her action of filiation against her alleged uncle and aunts and her alleged acknowledged natural sister; (2) on May 8, 1953, the court granted plaintiff the voluntary dismissal without prejudice; (3) on May 18, 1953, the Lamela brother and sisters, codefendants, moved to reopen the case, alleging that while the case was being tried in the Superior Court of Puerto Rico, Aguadilla Part, plaintiff Nilda Gerena had filed another action against Ana Victoria

Montalvo, known as Anita Lamela, in the Superior Court of Puerto Rico, San Juan Part only, obtaining her acknowledgment by default, a matter which has taken the co-defendants by surprise and that said Ana Victoria Lamela, known as Ana Victoria Montalvo, had conveyed to them all the rights and shares that she might have in the inheritance left by her predecessor Alfredo Lamela Abréu to co-defendants; (4) on July 13, 1953, the Superior Court of Puerto Rico, Aguadilla Part, through its judge, Willis Ramos Vázquez, set aside the dismissal sought by plaintiff and reopened the case "in order to substantiate within the case all the facts involved," (tr. 28).

From the order reopening the case petitioner here appeals, assigning the following errors: (1) the Superior Court, Aguadilla Part, erred in reopening case No. 21,044 since it lacked jurisdiction after it had been voluntarily dismissed by stipulation of the parties; (2) the Superior Court, Aguadilla Part, erred and/or abused its discretion by rendering orders denying the voluntary dismissal of the case.

The law applicable to the case is § 552 of the Code of Civil Procedure—32 L.P.R.A. 269, § 2301—insofar as it provides: "In case of intestate succession, or of the nullity of a will, those who may have an interest in the inheritance may petition the part of the Superior Court of the last domicile of the decedent, or of the place where his property is situated, for the issuance of the corresponding order of heir's declaration" . . . ; Section 10 of Act No. 11 of July 24, 1952, known as the "Judiciary Act of the Commonwealth of Puerto Rico" insofar as it provides that: "Every civil or criminal action shall be filed in the part of the court held at the place where it should have been filed under the legislation heretofore in force; but no cause shall fail on the ground that it has been submitted to a division without jurisdiction or authority or to a part of the court of improper venue. Every case may be heard in the division or part where it is brought by agreement of the parties and consent of the judge presiding at the time

in such part or, if not so heard, shall be transferred by order of the judge to the appropriate division or part in accordance with such rules as may be adopted by the Supreme Court."

This is an action of filiation and other relief which partakes of the nature of an action for the declaration of heirship, since it expressly refers to the death of the ancestor, his last domicile, the location of the inheritance estate in decedent's last domicile, and where his legitimate heirs are sued. Pursuant to the existing legislation at the time the action was filed, jurisdiction rested with the Aguadilla Part of the Superior Court of Puerto Rico.

Rule 41 of the Rules of Civil Procedure of Puerto Rico —32 App. L.P.R.A. p. 632—is also applicable insofar as it provides:

"(a) *Voluntary Dismissal: Effect Thereof.*

(1) *By Plaintiff; By Stipulation.*—Subject to the provisions of Rule 23 (c), an action may be dismissed by the plaintiff without order of the court (I) by filing a notice of dismissal at any time before service of the answer or (II) by filing a stipulation of dismissal signed by all the parties who have appeared generally in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States, or of any state, or insular court, any other action based on or including the same claim.

(2) *By Order of Court.*—Except as provided in paragraph (1) of this subdivision, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice";

and Rule 60 (b) of the Rules of Civil Procedure of Puerto Rico—32 App. L.P.R.A. p. 652—where it provides:

"(b) *Mistake; Inadvertence; Surprise; Excusable Neglect.*—On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The motion shall be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court (1) to entertain an action to relieve a party from a judgment, order, or proceeding, or (2) when from any cause the summons in an action has not been personally served on the defendant, to allow, upon such terms as may be just, such defendant or his legal representative, at any time within six months after the entry of the judgment in such action, to answer to the merits of the original action."

■■■■ As to the first error concerning the lack of jurisdiction of the Aguadilla Part to order that the case be reopened, petitioner is not correct. A court retains jurisdiction until six months after judgment is rendered to relieve an innocent party from the effects of a judgment, if it has been rendered through error, inadvertence, *surprise*, or excusable neglect.

There is no doubt that the defendant brother and sisters were adversely affected by the dismissal: (1) because it is an action of filiation, where a person, who they allege is not the daughter of their deceased brother, acquires the right to use their last name and the possibility to appear as heir in other family inheritance; (2) because having acquired the hereditary rights of the other sole heiress, who up to that time had been declared sole and universal heiress of the inheritance estate, their share in the inheritance is affected by any acknowledgment of another heiress. At the time of moving for dismissal plaintiff, petitioner here, did not inform either the court or counsel for the defendants that she had previously obtained a judgment of filiation in another Part of the Superior Court, without taking into account the defendants who are adversely affected parties. This is a typical case of adverse judgment obtained *by surprise*. Rule 60(b) of

the Rules of Civil Procedure of Puerto Rico should apply, and not Rule 41 as petitioner contends.

As to the second error concerning the abuse of discretion, a judge who exercises his power to reopen a case and place the parties in their original position prior to a judgment for voluntary dismissal obtained by surprise does not commit an abuse of discretion. The cases cited by the petitioner have no bearing as to the right of the party, where as here, the attendant circumstances are extraordinary.

The writ issued must be quashed.

Mr. Justice Sifre and Mr. Justice Saldaña concur in the result.

Mr. Justice Pérez Pimentel did not participate herein.